UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LONZA SALES AG,

                              Plaintiff,                  No.: 1:17–CV–5384

      v.

                                                   **COMPLAINT**

IMMUNOMEDICS, INC.

                              Defendants.
------------------------------------------------------------------X

     Plaintiff, Lonza Sales AG ("Lonza" or "Plaintiff"), by and through its undersigned counsel of record, hereby presents this Complaint against Defendant, Immunomedics, Inc. ("Immunomedics" or "Defendant"), and alleges in support thereof as follows:

## NATURE OF ACTION

     1.     This action arises out of a development and manufacturing services relationship between Immunomedics and Lonza (the "Parties"). That relationship included the execution in October 2015 of a Development and Manufacturing Services Agreement (the "MSA")[1].

     2.     Pursuant to the terms of the MSA, Immunomedics agreed to pay Lonza for product development and commercial manufacturing services of an antibody intermediate ("Product") which Immunomedics would use for further

---

[1] Because the MSA contains a confidentiality obligation pursuant to Section 13.1 thereof, Lonza will file a copy of the MSA upon entry of an appropriate confidentiality order.

manufacture of the antibody-drug conjugate sacituzumab govitecan IMMU-132 ("IMMU-132").

3. As described more fully herein, Lonza manufactured Product and performed other related services for Immunomedics in accordance with the terms of the MSA, but Immunomedics has unlawfully breached its obligations owed to Lonza thereunder by failing and refusing to make payments due to Lonza pursuant to the express terms of the MSA.

4. As a direct result of Immunomedics' unlawful conduct more fully described herein, Lonza has been materially harmed and has suffered substantial harm through the loss of payments for services rendered by Lonza to Immunomedics.

## THE PARTIES

5. Plaintiff Lonza is a corporation duly organized under the laws of Switzerland. Lonza has its principal place of business at Münchensteinerstrasse 38, CH-4002 Basel, Switzerland.

6. Lonza is a supplier of products and services which include the production and support of active pharmaceutical ingredients to the pharmaceutical, healthcare and life sciences industries.

7.     Immunomedics is a corporation duly organized under the laws of the State of Delaware. Immunomedics has its principal place of business in the State of New Jersey.

8.     Immunomedics is a biopharmaceutical company primarily focused on the development of monoclonal antibody-based products for the treatment of cancer, autoimmune and other diseases. Among other product candidates, Immunomedics is developing IMMU-132 for clinical and commercial use for treatment of patients with breast and lung cancer.

## **JURISIDICTION AND VENUE**

9.     Pursuant to Section 16.4 of the MSA, Lonza and Immunomedics agreed that the MSA "is governed in all respects by the laws of the State of New York."

10.    Diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000 and involves citizens of different states.

11.    Venue is appropriate in this Court because, pursuant to Section 16.4 of the MSA, Lonza and Immunomedics also expressly agreed "to submit to the jurisdiction of the courts of the State of New York."

## FACTUAL ALLEGATIONS

12. In October 2015, Lonza and Immunomedics entered into the MSA, pursuant to which Lonza agreed that it would provide certain described services ("Services") relating to the clinical and commercial manufacturing of the Product.

13. Pursuant to Section 2.1 of the MSA, Lonza agreed to, and did in fact, use its commercially reasonable efforts to manufacture batches (each a "Batch") of Product in accordance with cGMP manufacturing standards and the specifications as defined in the MSA (cGMP and the specification collectively referred to as the "Specifications").

14. Pursuant to Section 7.3.1 of the MSA, Immunomedics was required to notify Lonza in writing within thirty (30) days of the release of any Batch of Product that Immunomedics claims fails to meet Specifications. The parties agreed that failure to provide written notice of any such claim within thirty (30) days means that the Product "shall be deemed accepted."

15. Pursuant to Section 8.3 of the MSA, Immunomedics was required to pay Lonza for forty percent (40%) of the price for Product and related services ("Services") and sixty percent (60%) upon release of the Product or completion of the applicable Services.

16. Pursuant to Section 8.3 of the MSA, Immunomedics was further required to pay all invoices within thirty (30) days of the date of the invoice without deduction, deferment, set-off, lien or counterclaim.

17. As provided for in the MSA, and at the request of Immunomedics, its authorized officers, partners, representatives or agents, Lonza provided Immunomedics with the Product and Services and for the prices set forth in Lonza's invoices ("Invoices"). True and correct copies of the Invoices are attached hereto as Exhibit "A" (redacted for confidentiality) and are incorporated herein by reference as though fully set forth at length herein.

18. The Batches of Product identified on the Invoices each met Specifications on the date of delivery.

19. Immunomedics received and accepted each delivery of the Product and Services reflected on the Invoices.

20. The Products and Services set forth on the Invoices were authorized by Immunomedics and were charged at the fair and reasonable market prices agreed to by the Parties in the MSA.

21. Immunomedics received each Batch of Product that was billed for by Lonza on the Invoices.

22. Immunomedics received all of the Services that have been billed for by Lonza on the Invoices.

23. Immunomedics did not send written objection to any Batch identified on the Invoices within thirty (30) days of release of any Batch of Product. Each Batch was therefore deemed accepted by Immunomedics.

24. As of the filing of this Complaint, the principal sum of GBP (British Pound) 3,098,515.60 remains outstanding for the Invoices:

| **Invoice Date** | **Invoice No.** | **Due Date** | **Invoice Total Amount in GBP** | **Total Amount Outstanding** |
|---|---|---|---|---|
| 08/15/16 | 4027214 | 09/14/16 | 300,000.00 | 300,000.00 |
| 08/15/16 | 4027215 | 09/14/16 | 132,000.00 | 132,000.00 |
| 08/15/16 | 4027216 | 09/14/16 | 13,200.00 | 13,200.00 |
| 10/28/16 | 4036083 4036085 4036086 | 11/27/16 | 696,525.98 | 445,200.00 |
| 10/14/16 | 4034524 | 11/13/16 | 300,000.00 | 300,000.00 |
| 11/30/16 | 4040203 | 12/30/16 | 450,000.00 | 450,000.00 |
| 11/30/16 | 4040227 | 12/30/16 | 450,000.00 | 450,000.00 |
| 11/30/16 | 4040206 | 12/30/16 | 54,507.45 | 54,507.45 |
| 11/30/16 | 4040209 | 12/30/16 | 5,450.74 | 5,450.74 |
| 11/30/16 | 4040232 | 12/30/16 | 6,624.00 | 6,624.00 |
| 11/30/16 | 4040231 | 12/30/16 | 66,240.15 | 66,240.15 |
| 02/13/17 | 4004899 | 03/15/17 | 450,000.00 | 450,000.00 |
| 02/14/17 | 4005137 | 03/16/17 | 25,788.70 | 25,788.70 |
| 02/14/17 | 4005140 | 03/16/17 | 2,578.87 | 2,578.87 |
| 03/22/17 | 4009917 | 04/21/17 | 20,500.00 | 20,500.00 |
| 03/22/17 | 4009918 | 04/21/17 | 5,100.00 | 5,100.00 |
| 03/31/17 | 4011294 | 04/30/17 | 120,000.00 | 120,000.00 |
| | | | | |
| | | **Total: (GBP)** | 3,098,515.60 | 2,847,189.91 |

25. Pursuant to Section 8.5 of the MSA, Lonza is entitled to assess interest on each of the Invoices.

6

26.     On May 15, 2017, Lonza notified Immunomedics by letter that it was in breach of the MSA for failure to pay the Invoices.  A true and correct copy of the letter is attached hereto as Exhibit "B" (redacted for confidentiality) and is incorporated herein by reference.

27.     Despite request, Immunomedics has failed and refused to pay for the amounts appearing on the Invoices.

28.     Pursuant to Section 14.2.3 of the MSA, Lonza is authorized to terminate the Agreement given Immunomedics' continued failure and refusal to cure its breach of the MSA.

## COUNT 1
## BREACH OF CONTRACT

29.     Lonza hereby incorporates its allegations contained in Paragraphs 1 through 28 hereof as though fully set forth at length herein.

30.     The MSA constitutes a valid and enforceable contact between Immunomedics and Lonza.

31.     Lonza has performed all conditions, covenants and promises required on its part to be performed in accordance with the terms of the MSA.

32.     Pursuant to Section 8.3 of the MSA, Immunomedics was further required to pay all invoices within thirty (30) days of the date of the invoice without deduction, deferment, set-off, lien or counterclaim.

33.     All credits due, if any, to Immunomedics, have been given to them.

7

34. By failing and refusing to pay for Lonza's Services and delivery of Product, Immunomedics is in default of its obligations to Lonza and has therefore materially breached the contract between the parties.

35. By reason of Immunomedic's breach of the MSA, Lonza has been directly harmed in an amount equal to the outstanding amounts due on the Invoices in the principal amount of GBP 2,847,189.91, together with interest due on the outstanding amounts, which amount continues to accrue.

WHEREFORE, Plaintiff, Lonza Sales AG respectfully requests that this Court enter a judgment in favor of Plaintiff and against Defendant, Immunomedics, Inc. and award Lonza money damages in an amount to be proven a trial together with interest, attorneys' fees, costs and such other and further relief as this Court deems just and appropriate.

                              GREY STREET LEGAL, LLC

                              */s/ Janeen Olsen Dougherty*
                              Janeen Olsen Dougherty
                              356 N. Pottstown Pike, Suite 200
                              Exton, PA 19341
                              (610) 594-4737
                              Attorneys for Plaintiff

Dated: July 17, 2017